**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| United States ex rel. | : | Civil Action No. C-1-95-970 |
| | : | (Consolidated with C-1-99-923) |
| ROGER L. SANDERS | : | |
| ROGER L. THACKER | : | Judge Thomas M. Rose |
| | : | |
| Relators, | : | Magistrate Judge Timothy S. Hogan |
| | : | |
| Bringing this Action on behalf of | : | |
| the UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| ALLISON ENGINE COMPANY, INC., | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |


**RELATORS' MOTION *IN LIMINE* CONCERNING THE GOVERNMENT'S
NON-INTERVENTION DECISION**


Pursuant to Rules 402 and 403, Fed. R. Evid., Relators hereby move this Court for an order prohibiting the Defendants, their counsel, or any of their agents, employees or personnel from mentioning, testifying to or referring to, directly or indirectly, in the presence of the jury, any variation of the argument that: the failure of the Government to intervene in this action is a comment on the lack of merit of this action.

Relator's Memorandum in Support of this Motion *In Limine*, is attached.

Respectfully submitted,

/s/ James B. Helmer, Jr.

| | |
|---|---|
| Scott A. Powell, Esq. | James B. Helmer, Jr. (0002878) |
| Don McKenna, Esq. | Paul B. Martins (0007623) |
| HARE, WYNN, NEWELL & | Robert M. Rice (0061803) |
|     NEWTON, LLP | HELMER, MARTINS & MORGAN CO., L.P.A. |
| The Massey Building, Suite 800 | Fourth & Walnut Centre, Suite 1900 |
| 2025 Third Street, North | 105 East Fourth Street |
| Birmingham, AL 35203-3713 | Cincinnati, Ohio  45202 |
| Telephone: (205) 328-5330 | Telephone:  (513) 421-2400 |
| *Attorneys for Relators* | *Trial Attorneys for Relators* |

**MEMORANDUM IN SUPPORT OF RELATORS' MOTION *IN LIMINE*
CONCERNING THE GOVERNMENT'S NON-INTERVENTION DECISION**

## I.    BACKGROUND

In a *qui tam* False Claims Act action such as this, the False Claims Act affords the United

States Department of Justice three options:

(1)     intervene and take over primary responsibility for the prosecution of the case;[1]

(2)     dismiss the action if it believes that the case lacks merit;[2]

(3)     not intervene and authorize the relator to prosecute the action as a private attorney general on behalf of and in the name of the United States.[3]

Here, the Department of Justice elected to not intervene.  The Government did not move

to dismiss this action.  Instead, it authorized the Relators to prosecute this action on its behalf[4] as

the *qui tam* plaintiffs as permitted by the False Claims Act.[5]  Thereafter, the Department of

Justice wrote to the Defendants and, in accord with the expressed terms of the False Claims Act,

stated that no one should view the Government's non-intervention as a comment upon the merits

of this action:

---

[1] 31 U.S.C. § 3730(c)(1).

[2] 31 U.S.C. § 3730(c)(2)(A).

[3] 31 U.S.C. § 3730(b)(1) and (c)(3);  *United States ex rel. Berge v. Board of Trustees of the Univ. Of Alabama*, 104 F.3d 1453, 1458 (4th Cir. 1997).

[4]  Doc. 26.

[5] The private citizen who brings the action on behalf of the United States is considered the "*qui tam* plaintiff" or the "relator."  *United States ex rel. Doyle v. Health Possibilities, P.S.C.*, 207 F.3d 335, 337 (6th Cir. 2000); *United States ex rel. Roby v. Boeing Co.*, 995 F. Supp. 790, 792 (S. D. Ohio 1998).  The term "*qui tam*" is short for "*qui tam pro domino rege quam pro se imposo sequitur*," which means he "who brings the action for the king as for himself." *United States ex rel. Doyle*, 207 F.3d at 337 n.1.

1.       Decision to decline intervention

     Our decision to decline should not be construed as a statement about the merits  of the case.  Indeed, the Government retains the right to intervene at a later date upon a showing of good cause.  31 U.S.C. § 3730(c)(3).[6]

Nevertheless, throughout this litigation the Defendants have consistently implied or expressly argued that the Relator's *qui tam* action lacks merit because the Department of Justice has not intervened.  Also, Defendant Allison's local counsel has demonstrated a propensity for arguing to the jury in non-intervened *qui tam* cases that the case lacks merit because the Government has not intervened and is not present.[7]

## II.    ARGUMENT

As a matter of law, any argument by Defendants that this action lacks merit because the United States Department of Justice did not intervene is prohibited as legally and factually wrong, irrelevant (Rule 402, Fed. R. Evid.) and, even if relevant, unfairly prejudicial (Rule 403, Fed. R. Evid.).

Statutes authorizing *qui tam* actions, like the False Claims Act, are older than the Republic.[8]  These statutes exist upon the Congressional theory that "one of the least expensive and most effective means of preventing frauds on the Treasury is to make the perpetrators of

---

[6] Exhibit A, Department of Justice 2/8/00 Letter to Parties, p. 2.

[7] Exhibit B, *United States ex rel. Pickens v. GLR Constructors, Inc.*, No. C-1-93-790, Closing Argument of Glenn Whitaker, pp. 43, 52 (S.D. Ohio, Jan 9, 1998) ("Who is the real United States in this case?  Why did the real United States choose not to be a party to this case?...Why didn't the real United States get involved in this lawsuit and come after GLR?").

[8] *United States ex rel. Milam v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 961 F.2d 46, 49 (4th Cir. 1992), *citing Marvin v. Trout*, 199 U.S. 212, 225 (1905).

them liable to actions by private persons...."[9]  This enforcement methodology has served this

Nation well since the Civil War. "[B]ecause the scope of fraud against the government is much

broader than the government's ability to detect it, the qui tam provisions allow the government to

uncover fraud that it would not otherwise be able to discern."[10]

A *qui tam* relator is bestowed with the authority of a private attorney general.[11]

> Congress chose, as a means to encourage citizens to come forward with
> knowledge of frauds against the government, to give economic incentives to a *qui
> tam* plaintiff.  In addition, it gave the Executive Branch the option to allocate its
> resources elsewhere and permit the relator to prosecute the action on its behalf.
> Through this procedure, Congress could reasonably have envisioned that more
> fraud would be discovered, more litigation could be maintained, and more funds
> would flow back into the Treasury.[12]

Consistent with the expressed language of the False Claims Act and the intent of

Congress, no adverse inference may be drawn from the Government's non-intervention decision.

> [T]he plain language of the Act clearly anticipates that even after the Attorney
> General has "diligently" investigated a violation under 31 U.S.C. § 3729, the
> Government will not necessarily pursue all meritorious claims; otherwise there is
> little purpose to the *qui tam* provision permitting private attorneys general.[13]

Thus, permitting the Defendants to argue that this *qui tam* action lacks merit because the

---

[9] *United States ex rel. Doyle v. Health Possibilities, P.S.C.*, 207 F.3d 335, 340 (6th Cir. 2000), *quoting Hughes Aircraft co. v. United States ex rel. Schumer*, 520 U.S. 939, 949 (1997).

[10] *Id.*, *citing United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 650-51 (D.C. Cir. 1994).

[11] *Id.*; *United States ex rel. Milam*, 961 F.2d at 49; *United States ex rel. Berge v. Board of Trustees of the Univ. Of Alabama*, 104 F.3d 1453, 1458 (4th Cir. 1997).

[12] *United States ex rel. Milam*, 961 F.2d at 49.

[13] *United States ex rel. Berge v. Board of Trustees of the Univ. Of Alabama*, 104 F.3d 1453, 1458 (4th Cir. 1997).

Government has not intervened and is not physically present at the trial violates Congressional

intent and the expressed provisions of the False Claims Act.[14]  In fact, the Department of Justice

addressed this very issue several years ago, reflecting the sentiment of the February 8, 2000 letter

that it sent to the Defendants in this case:

> The United States has filed a brief addressing this issue, and points out that the
> government may decline to intervene in a given qui tam action on the basis of
> factors independent of the merits of the case.  The Department of Justice receives
> many hundreds of FCA cases for review every year.  In each case, the government
> has 60 days to decide whether to intervene and take over the action, plus any
> additional time the district court may grant for good cause shown.  31 U.S.C. §
> 3730(c)(2)....The United States points out that even though a given case may
> appear meritorious, the government  may reasonably choose to conserve its
> resources for cases with a greater probability of a higher recovery.  The United
> States further argues that § 3730 of the FCA explicitly contemplates that the
> government may not intervene in every case the Attorney General finds
> meritorious....According to the United States, the qui tam mechanism is precisely
> intended to permit relators to litigate themselves those valid claims that the
> Attorney General chooses to forego.[15]

Here, a number of events resulted in the decision of the United States Department of

Justice not to intervene in this case, not the least of which was, the experience of Relators'

counsel who have been litigating *qui tam* cases with the Department of Justice for the past 20

years, the reassignment of its primary NCIS agent in charge of this investigation to Guam, and

the reassignment of the Department of Justice attorney overseeing the investigation to the

Government's tobacco litigation team.

Indeed, the Ninth Circuit has refused to follow the natural extension of Defendants'

argument that a *qui tam* action lacks merit if the Government fails to intervene by refusing to

---

[14] *See, United States ex rel. Roberts v. Lutheran Hospital*, 1998 U.S. Dist. LEXIS 15791, *10-
12 (N.D. Ind. 1998).

[15] *Id.*

construe the Government's non-intervention decision as tantamount to a consent for dismissal.[16]

## III.   CONCLUSION

Relators' Motion *In Limine* should be granted.  Defendants and their counsel and agents should be prohibited from arguing to the jury, in any form, that the non-intervention of the United States in this False Claims Act action is a comment upon the merits of this case.  The Department of Justice has specifically so informed Defendants in this case.  The Congressional intent behind the *qui tam* provisions of the False Claims Act prohibit such an argument.  The case law prohibits such an argument.  And the False Claims Act itself, 31 U.S.C. § 3730(b)(1) and (c)(3), prohibits it by explicitly authorizing the *qui tam* Relators to bring this action on behalf of and in the name of the United States.

Thus, such an argument is inadmissible under Rule 402, Fed. R. Evid., as irrelevant. Further, even if there were some possible relevance, it is inadmissible under Rule 403, Fed. R. Evid., because it has virtually no probative value and such an argument would pose a danger of unfair prejudice, confusion of the issues, and mislead the jury.

Respectfully submitted,

/s/ James B. Helmer, Jr.

|  |  |
|---|---|
| Scott A. Powell, Esq. | James B. Helmer, Jr. (0002878) |
| Don McKenna, Esq. | Paul B. Martins (0007623) |
| HARE, WYNN, NEWELL & | Robert M. Rice (0061803) |
|    NEWTON, LLP | HELMER, MARTINS & MORGAN CO., L.P.A. |
| The Massey Building, Suite 800 | Fourth & Walnut Centre, Suite 1900 |
| 2025 Third Street, North | 105 East Fourth Street |
| Birmingham, AL 35203-3713 | Cincinnati, Ohio  45202 |
| Telephone: (205) 328-5330 | Telephone:  (513) 421-2400 |
| *Attorneys for Relators* | *Trial Attorneys for Relators* |

---

[16] *United States ex rel. Doyle*, 207 F.3d at 343 n.6; *United States ex rel. McGough v. Covington Technologies*, 967 F.2d 1391, 1397 (9th Cir. 1992).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Relators' Motion *In Limine* Concerning the Government's Non-Intervention Decision, was electronically filed on December 17, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Paul B. Martins