## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| United States ex rel. | : | Civil Action No. C-1-95-970 |
| | : | (Consolidated with C-1-99-923) |
| ROGER L. SANDERS | : | |
| ROGER L. THACKER | : | Judge Thomas M. Rose |
| | : | |
| Relators, | : | Magistrate Judge Timothy S. Hogan |
| | : | |
| Bringing this Action on behalf of | : | |
| the UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| ALLISON ENGINE COMPANY, INC., | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |

## RELATORS' MOTION *IN LIMINE* CONCERNING THE
## TREBLE DAMAGE PROVISION, DOUBLE BACK PAY PROVISION,
## ATTORNEYS' FEES PROVISIONS AND CIVIL PENALTY PROVISION
## OF THE FALSE CLAIMS ACT

Relators hereby move this Court for an Order prohibiting and preventing the Defendants or their counsel from mentioning, testifying to, or referring to, directly or indirectly, any variation of the following:

      a.    that the False Claims Act provides for treble the amount of damages which the Government sustains due to a violation of 31 U.S.C. § 3729, or double the amount of back pay due for illegal retaliation in violation of 31 U.S.C. § 3730(h);

      b.    that the False Claims Act provides for the award of attorneys' fees for successful relators;

      c.    that the False Claims Act provides for the award of civil penalties.

Relator's Memorandum in Support of this Motion *In Limine*, is attached.

                        Respectfully submitted,

                        /s/ James B. Helmer, Jr.

| | |
|---|---|
| Scott A. Powell, Esq. | James B. Helmer, Jr. (0002878) |
| Don McKenna, Esq. | Paul B. Martins (0007623) |
| HARE, WYNN, NEWELL & | Robert M. Rice (0061803) |
|     NEWTON, LLP | HELMER, MARTINS & MORGAN |
| The Massey Building, Suite 800 |     CO. L.P.A. |
| 2025 Third Street, North | Fourth & Walnut Centre, Suite 1900 |
| Birmingham, AL 35203-3713 | 105 East Fourth Street |
| Telephone: (205) 328-5330 | Cincinnati, Ohio 45202 |
| *Attorneys for Relators* | Telephone: (513) 421-2400 |
| | *Trial Attorneys for Relators* |

**MEMORANDUM IN SUPPORT OF
RELATORS' MOTION *IN LIMINE* CONCERNING
THE TREBLE DAMAGE PROVISION, DOUBLE BACK PAY PROVISION,
ATTORNEYS' FEES PROVISIONS AND
CIVIL PENALTY PROVISION OF THE FALSE CLAIMS ACT**

It is improper for defense counsel in a treble-damage and/or fee-shifting case to mention, in the presence of the jury, that its damage award is subject to trebling by the Court, its retaliation damages are subject to doubling by the Court, or that the Plaintiff's attorneys' fees may be shifted to the Defendants. By law these are all matters entrusted to the Court alone. The jury has no role to play in these matters. Relator, therefore, asks that this Court instruct the Defendants to act in accordance therewith in the presence of the jury at all times during the trial.

**I.      THE FALSE CLAIMS ACT**

The expressed terms of the False Claims Act requires that damages suffered by the United States be trebled and that civil penalties be awarded of between $5,000 and $10,000 for each false claim.

> Any person who... [violates the False Claims Act]...is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person... [1]

**A.      Civil Penalties.**

The award of civil penalties is automatic for each false claim and is recoverable "solely upon proof that false claims were made, without proof of any damages."[2]

---

[1] 31 U.S.C. § 3729. The mandatory civil penalty provision has been increased to between $5,500 to $11,000 for false claims made on or after September 29, 1999. 28 C.F.R. § 85.3(a)(9).

[2] S. Rep. No. 345, 99th Cong., 2d Sess. 8-10 (1986), *reprinted* in 1986 U.S.C.C.A.N. 5266, 5273-75; *Varljen v. Cleveland Gear Co., Inc.,* 250 F. 3d 4265, 429 (6th Cir. 2001)("[R]ecovery under the FCA is not dependent upon the government's sustaining monetary damages."); *United States v. Killough*, 848 F.2d 1523, 1533 (11th Cir. 1988) ("the imposition of forfeitures under the Act is not discretionary, but is

While the jury will make factual findings as to the <u>number</u> of false claims submitted, the resulting calculation of the <u>amount</u> of mandatory civil penalties is a matter entrusted solely to the discretion of the trial court.³  Several courts have held that "in exercising this discretion, the court should give effect to the major purpose of a civil penalty: deterrence."⁴  However, the Supreme Court has held that the primary purpose of the Act's civil penalty provision "is to make the government whole for such costs as detection, investigation, and prosecution of those who defraud the United States."⁵  Therefore, as this damage award is a matter of law performed solely by the Court, the Defendants should be prohibited from making any mention of it in the presence of the jury.

---

mandatory for each claim found to be false"); *United States ex rel. Luther v. Consolidated Indus.*, 720 F. Supp. 919, 924 (N.D. Ala. 1989) ("the government does not have to actually pay or approve a false claim for there to be recovery under the Act. Once an individual knowingly *submits* a false claim for payment or approval, that individual is liable for a forfeiture of not less than $5,000 and not more than $10,000"); *United States ex rel. Marcus v. Hess*, 41 F. Supp. 197, 218 (W.D. Pa. 1941), *aff'd*, 317 U.S. 537 (1943) (even when the government does not pay out money because it discovers the fraud, the False Claims Act "makes it plain that regardless of the damages sustained, the United States would still be entitled to recover the penalty").

³*See e.g., United States v. Bornstein,* 423 U.S. 303, 311 (1976); *United States v. ITT Continental Baking, Co.*, 420 U.S. 223, 230 n.6 (1975); *United States ex rel. Stone v. Rockwell Intern. Co.*, 282 F.3d 787, 796 (10th Cir. 2002); *United States v. Lorenzo*, 768 F. Supp. 1127, 1133 (E.D. Pa. 1991).

⁴*United States v. Environmental Waste Control, Inc.*, 710 F. Supp. 1172, 1242 (N.D. Ind. 1989), *citing, inter alia*, *United States v. Swingline, Inc.*, 371 F. Supp. 37, 47 (E.D.N.Y. 1974).

⁵*United States ex rel. Marcus v. Hess*, 317 U.S. 537, 552 (1943); *United States v. Bornstein*, 423 U.S. 303, 312-15 (1976).

    **B.**    **Treble Damages / Double Back Pay.**

The False Claims Act requires that all damages sustained by the Government, as assessed by the jury, be trebled.[6]  The Supreme Court has characterized this treble-damage provision of the False Claims Act as "essentially punitive in nature."[7]

Similarly, upon a jury verdict that the Relators were subject to retaliation by Defendant General Tool Company for their actions in investigating and opposing the False Claims Act violations at issue in this action, Relators are entitled to have this Court double the amount of back pay that the jury determines is due.[8]

    **C.**    **Awards of Attorneys Fees and Costs.**

Two separate sections of the False Claims Act provide for the award of fees and costs to a successful relator.  Upon a jury determination that False Claims Act liability is established, the Relators are entitled to have the Court award:

> reasonable expenses <u>which the court finds</u> to have been necessarily incurred, plus reasonable attorneys' fees and costs.  All such expenses, fees, and costs shall be awarded against the defendant.[9]

Likewise, if illegal retaliation is established, the Relators are entitled to recover "litigation costs and reasonable attorneys' fees from the defendant employer."[10]

---

[6] 31 U.S.C. § 3729(a).

[7] *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 784 (2000).

[8] 31 U.S.C. § 3730(h).

[9] 31 U.S.C. § 3730(d) (emphasis supplied).

[10] 31 U.S.C. § 3730(h).

3

II.     ARGUMENT

To permit the jury to know of damage-trebling when it is required by law to award the United States all its damages is to risk encouraging that jury to divide by three the number it believes should be awarded. The awarding of attorneys' fees is a function performed solely by the Court by virtue of the fee shifting provision found in 31 U.S.C. 3730(d). Similarly, the award of civil penalties as well as the doubling of retaliation losses are functions performed solely by the Court. Because there can be no fair use of these issues at any stage of these proceedings (or at least in the presence of the jury), the Court should preclude all references to (a) the trebling of damages; (b) doubling of any back pay award; (c) the attorney-fee shifting provisions; and (d) the civil penalty provision of the False Claims Act.

This is not an issue of first impression under the False Claims Act. At least one district court within the Sixth Circuit has considered this precise issue and granted the plaintiff's motion *in limine*. *See United States v. Estate of Rogers*, 2002 U.S. Dist. LEXIS 24282, *3 (E.D. Tenn. 2002) ("[t]he plaintiff's motion *in limine* to exclude from the jury any reference to the trebling of damages and imposition of civil penalties under the False Claims Act … is GRANTED.")

Furthermore, this issue has long been resolved in both the antitrust and RICO arenas. Indeed, the Second Circuit Court of Appeals has observed that a "cornucopia" of authority under the antitrust laws stands for precisely the proposition Relators now advance.[11]

> Every authority brought to this court's attention upholds excluding references to trebling and attorneys fees in the RICO context. *See, e.g., Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1308 n.7 (7th Cir. 1987) (explaining that information regarding RICO's trebling provision is properly excluded because it "is irrelevant to a jury's deliberations and may confuse or prejudice the jury"), *cert. denied*, 492 U.S. 917, 109 S. Ct. 3241, 106 L. Ed. 2d 588 (1989); *Vidosh v. Holsapple*, No.

---

[11] *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2nd Cir. 1994).

84CV2447DT, 1987 WL 273164, at *12-13, 1987 U.S. Dist. LEXIS 15749, at *39 (E.D. Mich. Feb. 2, 1987)("[T]o inform the jury of a treble damage provision will cause it to adjust its award accordingly and thus distort its true function of finding damages…"); *Rhue v. Dawson*, 173 Ariz. 220, 224, 841 P.2d 215, 229 (Ct. App. 1992)(informing the jury of trebling provision might thwart purpose of state RICO statute by inducing the jury to reduce or eliminate damage award). Likewise, commentators uniformly advise against bringing RICO's trebling provisions to the jury's attention. *See, e.g.*, 4 Sand, Siffert, Reiss & Batterman, *Modern Federal Jury Instructions*, § 84.06, at 84-74 to 75 (1993)("As in antitrust treble damages cases, it is not appropriate to inform the jury of trebling and attorneys fee provisions."); 3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*, § 100.11 at 841 (4th Ed. 1987).[12]

Treble damages and attorneys' fees are, of course, also recoverable for antitrust violations under the Clayton Act.[13] In that context as well, courts have uniformly concluded that mentioning treble damages and attorneys' fees to the jury is improper.[14]

Based on this overwhelming authority, the Second Circuit observed that the district court had "followed the proper course, by precluding defendants' counsel from parading RICO's treble-damage and attorneys fees provisions before the jury."[15]

---

[12] *HBE Leasing*, 22 F.3d at 45-46.

[13] 15 U.S.C. § 15.

[14] *See CVD, Inc. v. Raytheon Co.*, 769 F.2d 842, 860 (1st Cir. 1985), *cert. denied*, 475 U.S. 1016, 106 S. Ct. 1198, 89 L. Ed. 2d 312 (1986); *Arnott v. American Oil Co.*, 609 F.2d 873, 889 n.15 (8th Cir. 1979), *cert. denied*, 446 U.S. 918, 100 S. Ct. 1852, 64 L. Ed. 2d 272 (1980); *Noble v. McClatchy Newspapers*, 533 F.2d 1081, 1090-91 (9th Cir. 1975), *vacated on other grounds*, 433 U.S. 904, 97 S. Ct. 2966, 53 L. Ed. 2d 1088 (1977); *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1242-43 (5th Cir. 1974), *cert. denied*, 420 U.S. 992, 95 S. Ct. 1427, 43 L. Ed. 2d 673 (1975); *Semke v. Enid Auto. Dealers Ass'n*, 456 F.2d 1361, 1370 (10th Cir. 1972); *Refuse & Envtl. Sys. v. Industrial Servs. of Am.*, 732 F. Supp. 1209, 1213 n.5 (D. Mass. 1990), *rev'd on other grounds*, 932 F.2d 37 (1st Cir. 1991); *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F. Supp. 501, 518 (E.D. Pa. 1973); *Webster Motor Car Co. v. Packard Motor Car Co.*, 135 F. Supp. 4, 10-11 (D.D.C. 1955), *rev'd on other grounds*, 243 F.2d 418 (D.C. Cir.), *cert. denied*, 355 U.S. 822, 78 S. Ct. 29, 2 L. Ed. 2d 38 (1957).

[15] *HBE Leasing*, 22 F.3d at 47.

**III.    CONCLUSION**

For the foregoing reasons, Relators respectfully move this Court for an Order prohibiting argument or comment:

    a.    that the False Claims Act provides for treble the amount of damages which the Government sustains due to a violation of 31 U.S.C. § 3729, or double the amount of back pay due for illegal retaliation in violation of 31 U.S.C. § 3730(h);

    b.    that the False Claims Act provides for the award of attorney's fees for successful relators;

    c.    that the False Claims Act provides for the award of civil penalties.

Respectfully submitted,

/s/ James B. Helmer, Jr.

| | |
|---|---|
| Scott A. Powell, Esq. | James B. Helmer, Jr. (0002878) |
| Don McKenna, Esq. | Paul B. Martins (0007623) |
| HARE, WYNN, NEWELL & | Robert M. Rice (0061803) |
|     NEWTON, LLP | HELMER, MARTINS & MORGAN CO., L.P.A. |
| The Massey Building, Suite 800 | Fourth & Walnut Centre, Suite 1900 |
| 2025 Third Street, North | 105 East Fourth Street |
| Birmingham, AL 35203-3713 | Cincinnati, Ohio  45202 |
| Telephone: (205) 328-5330 | Telephone:  (513) 421-2400 |
| *Attorneys for Relators* | *Trial Attorneys for Relators* |

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing Relators' Motion *In Limine* Concerning the Treble Damage Provision, Double Back Pay Provision, Attorneys' Fee Provisions and Civil Penalty Provision of the False Claims Act, was electronically filed on December 17, 2004. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                   /s/ Paul B. Martins