IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States ex rel. ROGER L. SANDERS, ROGER L. THACKER, <br><br> Relators, <br><br> vs. <br><br> ALLISON ENGINE COMPANY, INC., GENERAL MOTORS CORPORATION, et al., <br><br> Defendants. | Civil Action No. C-1-95-970 (Consolidated with C-1-99-923) <br><br> Judge Thomas M. Rose <br><br> Magistrate Judge Timothy S. Hogan |

**DEFENDANTS' OPPOSITION TO RELATORS' MOTION *IN LIMINE* CONCERNING THE GOVERNMENT'S NON-INTERVENTION DECISION**

**I.      PRELIMINARY STATEMENT**

Relators' motion *in limine* concerning the Government's non-intervention decision must be denied for two related reasons. First, Relators' request is overbroad and irreconcilable with the False Claims Act. As Relators acknowledge, the statutory text of the FCA provides the Government with the option either to intervene or to decline intervention in a relator's action. The jury will need to be instructed as to this portion of the FCA, and is thus entitled to know that the Government chose not to intervene in this case. Defendants will not argue that the mere fact of non-intervention was a comment by the Government concerning the lack of merit of Relators' lawsuit; however, to understand the identities of the parties and the nature of Relators' *qui tam* claims, the jury must hear how the facts of this case interplay with the plain language of the FCA. The statutory text requires that the objective fact that the Government declined to intervene be admitted.

Second, precluding reference to the Government's decision not to intervene would be unfairly prejudicial to Defendants.  Undoubtedly, Relators and their counsel will seek to impress upon the jury that, for the purposes of this case, they *are* the United States.  They will announce that they are suing "on behalf of" the United States, and the jury will see filings and other papers that appear to associate Relators with the United States.  While Defendants would not object to an instruction that Relators are suing "in the name of and for" the Government (language that traces the text of the FCA), fairness requires that the jury also know that the statute under which Relators brought this action provided the Government with the option to intervene or to decline to intervene, and that the Government chose to decline.  Without this information in evidence, Relators will be situated to mislead the jury to believe that they are affiliated with the United States Government, which is both untrue and unfairly prejudicial to Defendants' case.

Relators' eagerness to keep the Government's declination hidden is understandable.  Given that it will be Defendants—and not Relators—who will produce and elicit favorable testimony from Navy witnesses, the objective fact that the Government chose not to intervene could appear unflattering to Relators' case.  But the explicit text of the statute upon which Relators rely renders this decision relevant to this case, and its exclusion would give rise to confusion by the jury and unfair prejudice to Defendants.  Relators' motion should be denied.

## II.     ANALYIS

Precluding mention of the Government's decision not to intervene would contravene the explicit language of the FCA, confuse the jury, and cause unfair prejudice to Defendants.  Relators' motion, to the extent it seeks such relief, must be denied.

A. **The Text Of The FCA Requires Admission Of The Government's Decision Not to Intervene.**

Where statutory language is clear and unambiguous, the jury must be instructed with the text of the statute. See Desert Palace, Inc. v. Costa, 539 U.S. 90, 91, 98-99 (2003) (holding that the "starting point" for determining a proper jury instruction "is the statutory text," "and where … the words of the statute are unambiguous, the judicial inquiry is complete") (internal quotations omitted); U.S. v. Pabon-Cruz, --- F.3d ---- No. 03-1457, 2004 WL 2757420 (2d Cir. Dec. 3, 2004) (upholding trial court's charge to the jury based on the judge's "strict adherence to the text of the statute in framing his jury instruction"); Boyd v. Illinois State Police, 384 F.3d 888, 894-95 (7th Cir. 2004) ("We use this opportunity to remind the district courts that jury instructions should not be patched together from snippets of appellate opinions taken out of context, but should rely first on the language of the statute.") (citing Desert Palace, 539 U.S. at 98); Merkel v. Scovill, Inc., 573 F. Supp. 1055, 1060 (S.D. Ohio 1983) (Spiegel, J.) (rejecting challenge to a jury instruction because the pertinent portion of the instruction "was drawn directly from the statutory language"). The *qui tam* provisions of the FCA provide that, after a relator files his complaint, the Government has at least 60 days to investigate the relator's allegations while the complaint remains under seal. See 31 U.S.C. § 3730(b)(2). The FCA then provides the Government with two options at the conclusion of its investigation:

(A) proceed with the action, in which case the action shall be conducted by the Government; or

(B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action.

31 U.S.C. § 3730(b)(4).[1]

---

[1] Relators maintain that the Government has a third option to "dismiss the action if it believes that the case lacks merit." (Relators' motion at 1.) While the Government may move to dismiss a *qui tam* action, 31 U.S.C. §

In this case, Relators chose the False Claims Act as the vehicle through which to pursue their claims against Defendants; accordingly, the jury must receive instructions concerning the Government's express statutory options in conjunction with the Court's general overview of the FCA. To make sense of these instructions, the jury must hear an explanation that the Government investigated Relators' allegations, that it had the option to intervene or not to intervene, and that it declined to take over Relators' lawsuit. These objective facts would provide no "comment" on Relators' case separate and apart from that supplied by the explicit text of the FCA. The FCA itself makes these facts relevant this case, and the jury is entitled to be apprised of them.

For their part, Relators remain free to argue to the jury that the Government's absence in this case does not reflect its opinion of the merits. (See Relators' motion at 2-4.)[2] Indeed, Defendants would not object to a jury instruction that the Government "may decline to intervene in a given *qui tam* action on the basis of factors independent of the merits of the case." United States ex rel. Roberts v. Lutheran Hosp., No. CIV. 1:97C-174, 1998 WL 1753335, at *3 (N.D. Ind. Apr. 17, 1998) (quoted in Relators' motion at 4). This would cure any potential prejudice to Relators, and the jury could then draw any inference from the Government's decision it deems appropriate.

The jury in this case is entitled to know who the parties are and how the statute under which Relators are suing implicates the United States Government. The FCA explicitly

---

3730(c)(2)(A), it cannot dismiss a relator's suit as of right. Moreover, even where the claims lack merit, there is no logical or financial incentive for the Government to seek dismissal of non-intervention *qui tam* suits. See John T. Boese, Civil False Claims and *Qui Tam* Actions (2d ed.) § 4.06 at 4-135 ("The government rarely moves to dismiss a *qui tam* action because there is little motivation for it to do so.").

[2] Relators offer several hypotheses attributing the Government's non-intervention to factors other than a lack of merit to their claims. (See Relators' motion at 4.) Should they so choose, Relators may offer evidence concerning these proffered reasons—which include two governmental personnel reassignments and the extensive experience and skill of Relators' counsel—to the jury as possible bases for non-intervention.

provides this explanation, and the Government's option to intervene and declination to do so is critical to the jury's understanding of this case and the instructions it will be given. Relators' motion must be denied.

> B. **Precluding Reference To The Government's Non-intervention Decision Would Confuse The Jury And Unfairly Prejudice Defendants.**

Relying on the text of the FCA, Relators' counsel has gone to lengths in this case and other non-intervention *qui tam* cases to suggest that the relator *is* the United States Government, and that its counsel represents the United States Government. While seeking to preclude mention of FCA statutory text concerning the Government's option to intervene, Relators' counsel has relied on other portions of the *qui tam* provisions in marshaling this strategy.

Specifically, Relators have relied on, *inter alia*, 31 U.S.C. § 3730(b)(1), which authorizes individuals to "bring a civil action for a violation of section 3729 for the person and for the United States Government …. in the name of the Government." This language notwithstanding, however, courts have made clear that, when the Government declines to intervene, the relator is not placed in the shoes of the Government:

> The government may elect to intervene in the action, or it may decline to do so, in which case the person bringing the action shall have the right to conduct the action. 31 U.S.C. § 3730(b)(4). 'While Congress has made it clear that *qui tam* relators should be able to effectively bring civil suits under the [False Claims Act], ***it does not follow that once the government has decided it will not intervene, it is relegated to the position of the relator's client***.' United States by Department of Defense v. CACI International, Inc., 953 F. Supp. 74, 77 (S.D.N.Y.1995).
>
> Thus, 'while the *qui tam* relator is empowered as a private prosecutor, ***it is not empowered to replace the government***.' CACI, *supra*, at 77 (citing United States v. Kreindler & Kreindler, 985 F.2d 1148, 1155 (2d Cir.), *cert. denied,* 508 U.S. 973, 113 S. Ct. 2962, 125 L. Ed.2d 663 (1993)). See also United States ex rel. Kelly v. Boeing Co., 9 F.3d 743, 760 (9th Cir.1993), *cert. denied,*

> 510 U.S. 1140, 114 S. Ct. 1125, 127 L.Ed.2d 433 (1994) ("the fact that relators sue in the name of the United States does not mean that they wield government powers .... The fact that relators sue in the name of the government is significant only with respect to their standing to sue ...."); <u>United States ex rel. Taxpayers Against Fraud v. General Electric Co.</u>, 41 F.3d 1032, 1041 (6th Cir.1994) ("although a relator may sue in the government's name, the relator is not vested with governmental power").

<u>United States ex rel. Farrell v. SKF USA, Inc.</u>, No. 94-CV-157A, 1998 WL 265242, *3 (W.D.N.Y. May 18, 1998) (emphasis added); see also <u>United States ex rel. Lamers v. City of Green Bay, Wis.</u>, 924 F. Supp. 96, 98 (E.D. Wis. 1996) ("Although a relator may sue in the government's name, the relator is not vested with governmental power. '[T]he relator's position is without tenure, duration, continuing emolument, or continuous duties.' The False Claims Act empowers the *qui tam* relator to act as a private prosecutor **but does not empower it to replace the government**.") (citing <u>United States ex rel. Taxpayers Against Fraud v. General Electric Co.</u>, 41 F.3d 1032, 1041 (6th Cir.1994)) (emphasis added).

Similarly, a relator's attorneys in a non-intervention *qui tam* case do not represent the United States Government. <u>See</u> <u>Lamers</u>, 924 F. Supp. at 98 ("Although the *qui tam* plaintiff is relieved of the burden of establishing standing, it does not follow that because the relator is suing in the name of the United States that his counsel represents the United States in this action.") (citing <u>United States ex rel. Kelly v. Boeing Co.</u>, 9 F.3d 743, 760 (9th Cir. 1993), *cert. denied,* 510 U.S. 1140, 114 S. Ct. 1125, 127 L. Ed.2d 433 (1994)). And finally, in an action in which it has chosen not to intervene, the United States is <u>not a party</u> to the case:

> [W]hile the United States may be the real party in interest in a *qui tam* action, **the United States is not an actual party to the action in a case where it has declined to intervene** .... [T]he court cannot find any support for the proposition that, in a *qui tam* action where the government has declined to intervene, that the government remains the actual plaintiff. Accordingly, the court finds that, in this case, the United States is not a party plaintiff ....

6

Farrell, No. 94-CV-157A, 1998 WL 265242, *3 (emphasis added); see also Lamers, 924 F. Supp. at 98 (concluding that the United States is not a party plaintiff and noting that "the relator has clearly confused the distinction between the United States being a party and the United States being the real party in interest").[3]

Absent an explanation that the Government had the statutory option to take over (*i.e.*, become a party to) this action and declined to do so, the jury will be confused by Relators' indications that they are suing "on behalf of" the United States. The jury must know that Relators were not selected or otherwise endorsed by the Government to sue on its behalf; to the contrary, any "person" may bring a *qui tam* action, 31 U.S.C. § 3730(b)(1), and the Government ceased to be actively involved in this case when it declined to intervene in any part of Relators' action.[4] Unless the jury learns that the Government had the option to—but chose not to—take over Relators' action, Relators' assertions that they are trying this case on behalf of the United States would mislead the jury and unfairly prejudice Defendants.

In their motion, Relators appear to assert that a closing argument made by Allison Engine's counsel in United States ex rel. Pickens v. GLR Constructors, Inc. was improper. (See Relators' motion at 1 and Closing Argument of Glenn Whitaker, attached as Exhibit B to

---

[3] Consistent with the holdings in these cases, when it made its decision not to intervene in this case, the Government made it clear that it was not to be considered a party to this litigation:

> While the United States is ***not a litigant to the underlying action***, the United States remains the real party in interest . . . .
>
> 2. Discovery – The ***United States is a third party for discovery purposes*** and any discovery requests should comply with Federal Rule of Civil Procedure 45.

(Department of Justice letter dated February 8, 2000 (attached as Exhibit A) (emphasis added).)

[4] Relators point out that, when the Government declined to intervene, it "retain[ed] the right to intervene at a later date upon a showing of good cause." (See Relators' motion at 2 & n.6 and Exhibit A.) The Government never exercised this right to seek intervention.

7

Relators' motion.) Read fairly, however, this argument did not advance the notion that the Government's declination to intervene suggested a lack of merit to the Pickens relator's case. Rather, the argument was a direct counter to the suggestions of the Pickens relator that he *was* the United States for purposes of that case. In accordance with the FCA and relevant case law, the argument reminded the jury that the Pickens relator was not the United States Government, and that the Pickens relator's attorneys (also the attorneys for Relators in this case) did not represent the United States Government. (See id.) The argument recalled that the Pickens relator did not call a single representative of the Government as a witness. As a result, Defendants—and not the relator—called Government employees to set the record straight. (See id.) The idea that non-intervention itself was a comment on the lack of merit to the relator's case was in no way the basis for the closing argument.[5]

      Likewise here, Defendants—who will call numerous third-party Navy witnesses—are entitled to accentuate these same themes to the jury. After hearing the objective, relevant statutory facts surrounding the Government's decision not to intervene and Relators' assertion that that decision bore no relation to the Government's opinion of the merits, the jury can come to its own conclusions as to the impact (or lack thereof) of non-intervention on Relators' FCA claims.

      In sum, the United States Government had the explicit statutory option to intervene in this case, and it declined to do so. Defendants do not intend to argue that this decision reflected the Government's opinion of the merits, but the objective fact that the Government did not intervene is relevant to Relators' claims under the FCA, and its exclusion

---

[5] Notably, Relators' counsel did not object to this closing argument upon which Relators now rely in seeking to preclude reference to the Government's non-intervention.

would unfairly prejudice Defendants.  To the extent Relators' motion seeks to preclude any statement concerning the Government's statutory option and decision not to intervene, it must be denied.

### III. CONCLUSION

For the foregoing reasons, Relators' Motion *in Limine* Concerning the Government's Non-intervention Decision should be denied.

Respectfully submitted,

s/ Glenn V. Whitaker

| | |
|---|---|
| Peter B. Hutt II | Glenn V. Whitaker (0018169) |
| Miller & Chevalier Chartered | Victor A. Walton, Jr. (0055241) |
| 655 Fifteenth Street, N.W., Suit 900 | Vorys, Sater, Seymour & Pease LLP |
| Washington, DC 20005 | 221 East Fourth Street |
| (202) 626-5800 | Atrium Two, Suite 2100 |
| | P.O. Box 0236 |
| Of Counsel for Defendant | Cincinnati, OH 45201-0236 |
| ALLISON ENGINE COMPANY, INC. | (513) 723-4000 |
| | |
| | Trial Attorneys for Defendant |
| | ALLISON ENGINE COMPANY, INC. |
| | |
| | s/ David P. Kamp |
| James J. Gallagher | David P. Kamp (0020665) |
| Susan A. Mitchell | White Getgey & Meyer |
| McKenna Long & Aldridge, LLP | 1700 4th & Vine Tower |
| 444 S. Flower Street, 6th Floor | One West Fourth Street |
| Los Angeles, CA 90071-2901 | Cincinnati, OH 45202 |
| (213) 688-1000 | (513)241-3685 |
| | |
| Of Counsel for Defendant | Trial Attorney for Defendant |
| GENERAL MOTORS CORPORATION | GENERAL MOTORS CORPORATION |
| | |
| /s/ Lawrence R. Elleman | s/ William A. Posey |
| Lawrence R. Elleman Esq. (0006444) | William A. Posey, Esq. (0021821) |
| Dinsmore & Shohl, LLP | KEATING, MUETHING & KLEKAMP, PLL |
| 1900 Chemed Center | 1800 Provident Tower |
| 255 East Fifth Street | One East Fourth Street |
| Cincinnati, Ohio 45202 | Cincinnati, OH 45202 |
| (513) 977-8200 | Telephone: (513) 579-6400 |
| (513) 977-8141 (fax) | Facsimile: (513) 579-6457 |
| | |
| Trial Attorney for Defendant | Trial Attorney for Defendant |
| SOUTHERN OHIO FABRICATORS | GENERAL TOOL COMPANY |

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2005, a copy of the foregoing was served on the following via the Court's EF/CMF Filing System or by U.S. mail, postage prepaid, to all Counsel not registered:

| | |
|---|---|
| David Kamp, Esq.<br>White Getgey & Meyer<br>1700 4th & Vine Tower<br>Cincinnati, Ohio 45202 | Susan A. Mitchell, Esq.<br>McKenna Long & Aldridge, L.L.P.<br>444 South Flower Street<br>Los Angeles, CA  90071-2901 |
| Gerald F. Kaminski, Esq.<br>Assistant United States Attorney<br>220 Potter Stewart U.S. Courthouse<br>100 East Fifth Street<br>Cincinnati, OH  45202 | Lawrence R. Elleman, Esq.<br>Dinsmore & Shohl, L.L.P.<br>1900 Chemed Center<br>255 East Fifth Street<br>Cincinnati, OH  45202-3172 |
| James B. Helmer, Jr., Esq.<br>Helmer, Martins & Morgan Co., L.P.A.<br>Fourth & Walnut Centre, Suite 1900<br>105 East Fourth Street<br>Cincinnati, OH  45202 | William A. Posey<br>Keating, Muething & Klekamp, P.L.L.<br>1800 Provident Tower<br>One East Fourth Street<br>Cincinnati, OH  45202 |
| Scott A. Powell, Esq.<br>Hare, Wynn, Newell & Newton, LLP<br>The Massey Bldg., Suite 800<br>290 21st Street, North<br>Birmingham, AL  35203-3713 | Paul J. Wogaman, Sr.<br>United States Department of Justice<br>Civil Division<br>P.O. Box 261<br>Washington, D.C. 20044 |

                                        s/ Glenn V. Whitaker
                                        Glenn V. Whitaker