# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| United States ex rel. ROGER L. SANDERS, ROGER L. THACKER,<br><br>           Relators,<br><br>    vs.<br><br>ALLISON ENGINE COMPANY, INC., GENERAL MOTORS CORPORATION, et al.,<br><br>           Defendants. | Civil Action No. C-1-95-970 (Consolidated with C-1-99-923)<br><br>Judge Thomas M. Rose<br><br>Magistrate Judge Timothy S. Hogan |

### DEFENDANTS' OPPOSITION TO RELATORS' MOTION *IN LIMINE* CONCERNING THE DAMAGES AND FEE PROVISIONS OF THE FALSE CLAIMS ACT

**I.      INTRODUCTION**

      Relators seek to keep from the jury the enormous financial windfall to Relators that even a nominal damage award could bring, without citing a single case on point.  No court has held that, as a matter of law, information should be withheld from the jury in a False Claims Act case about the potential trebling of damages, assessment of penalties, or doubling of back pay if liability is found; and Relators have offered no factual reason why they would be unduly prejudiced by disclosing the magnitude of their potential windfall in this action.

**II.     ANALYSIS**

      **A.      The Treble Damages Provision Of The False Claims Act Affects Relators' Interest In The Outcome Of The Case, And Therefore Is Relevant To The Jury's Assessment Of Their Credibility.**

      The Relators, Messrs. Sanders and Thacker, and one of their primary witnesses, Thomas Hanson (who has a letter agreement with Relators to receive a share of any proceeds of the action), will offer testimony at trial on a variety of the allegations in the Second Amended

Complaint.  The jury may, and should, consider the credibility of these witnesses when evaluating their testimony.  See, e.g., United States v. Abel, 469 U.S. 45, 52 (1984) ("Bias may be induced by . . . a witness' self-interest.  Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."); United States v. Int'l Bus. Machs. Corp., 84 F.R.D. 651, 652 (S.D.N.Y. 1979) ("Inquiry into a witness' financial interest in the outcome of a case, **and the extent of that interest**, is essential if bias is to be uncovered.  Personal motives must be factored in when assessing a witness' credibility.") (emphasis added); Solaia Tech. LLC v. Arvinmeritor, Inc., No. 02 C 4704, 2004 WL 549449, at *2 & n.1 (N.D. Ill. Jan 28, 2004) (specific terms of written agreement concerning witness' financial interest in the outcome of the litigation were "clearly relevant to his potential bias").  In this case, the False Claims Act's direction of treble damages, and the provision regarding the award of attorney's fees, could significantly enhance the value to Relators of any award, and the extent of this financial interest is a factor the jury should be permitted to consider.

Courts commonly instruct juries to assess witness credibility by considering, *inter alia,* "the witness' interest in the outcome of the case and any bias or prejudice."  Ninth Circuit Model Civil Jury Instructions (a copy of which is attached hereto as Exh. A), at §1.8(4); Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit (a copy of which is attached hereto as Ex. B), at § 3.03, pp. 31-32; see also Sixth Circuit Pattern Criminal Jury Instructions (a copy of which is attached hereto as Exh. C), at § 1.07(E), p. 39.  The False Claims Acts' provision for trebling of damages, awarding attorney's fees, and assessing large penalties is relevant information for the jury.  It provides Relators with a motive to initiate this action; and it gives Relators reason to embellish their testimony at trial, both for the money that they hope to

receive, and for the harm that a finding of liability would inflict on General Tool Company, which terminated Mr. Sanders' employment for sexual harassment in 1994 and terminated Mr. Thacker's independent contractor relationship when his services became unnecessary in 1995. Mr. Hanson, whose employment with Allison was also terminated, has similar motives that the jury properly may consider in assessing the credibility of his testimony.  In motions and in oral argument, Relators' counsel have portrayed Mr. Hanson and the Relators as zealous patriots motivated to pursue this action by their deep concern for the welfare of U.S. Navy sailors.  The jury is entitled to know the other side of that story.

### B. Case Law Involving Other Federal Statutes Is Neither Binding Precedent Nor Relevant To The Court's Determination.

Relators cite only a single case under the False Claims Act that has "considered" a motion *in limine* to exclude references to treble damages or civil penalties:  United States v. Estate of Rogers, No. 1:97-cv-461, 2002 U.S. Dist. LEXIS 24282 (E.D. Tenn. 2002).  That decision contains no facts, no law, no rationale; the court simply identifies the motion and grants the requested exclusion.  See id. at *3 (holding (5)).  The case has no value as precedent, nor does it offer any useful guidance to this Court.  Moreover, the Rogers case was prosecuted by the Government itself, not by a relator, and so there would be no witness testifying at that trial who would benefit from the trebling of damages.  Under those circumstances, there would be no reason to inform the jury of the treble damage or penalty provisions of the False Claims Act.

The remainder of the cases cited in Relators' Motion arise under other Federal statutes that are not analogous to the False Claims Act.  In antitrust and RICO actions, for example, the plaintiffs are alleged to have suffered actual injury, and so have a concrete motive for their testimony.  In contrast, a False Claims Act relator's thirty-percent share of treble damages is a true windfall, since they have suffered no injury.

The remote risk identified in the RICO and antitrust cases cited by Relators – the possibility that a jury would unfairly reduce a damage award – is outweighed in this case by considerations of the motives and credibility of Relators and Mr. Hanson.  Defendants also submit that Relators have not met their burden under Rule 403, to show that the probative value of this relevant evidence "is substantially outweighed" by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Relators' Motion *in Limine* in its entirety.

Respectfully submitted,

s/ Glenn V. Whitaker
Glenn V. Whitaker (0018169)
Victor A. Walton, Jr. (0055241)
Vorys, Sater, Seymour & Pease LLP
221 East Fourth Street
Atrium Two, Suite 2100
P.O. Box 0236
Cincinnati, OH 45201-0236
(513) 723-4000

Peter B. Hutt II
Miller & Chevalier Chartered
655 Fifteenth Street, N.W., Suit 900
Washington, DC 20005
(202) 626-5800

Of Counsel for Defendant
ALLISON ENGINE COMPANY, INC.

Trial Attorneys for Defendant
ALLISON ENGINE COMPANY, INC.

s/ David P. Kamp
David P. Kamp (0020665)
White Getgey & Meyer
1700 4th & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
(513)241-3685

James J. Gallagher
Susan A. Mitchell
McKenna Long & Aldridge, LLP
444 S. Flower Street, 6th Floor
Los Angeles, CA 90071-2901
(213) 688-1000

Of Counsel for Defendant
GENERAL MOTORS CORPORATION

Trial Attorney for Defendant
GENERAL MOTORS CORPORATION

/s/ Lawrence R. Elleman
Lawrence R. Elleman Esq. (0006444)
Dinsmore & Shohl, LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
(513) 977-8200
(513) 977-8141 (fax)

s/ William A. Posey
William A. Posey, Esq. (0021821)
KEATING, MUETHING & KLEKAMP, PLL
1800 Provident Tower
One East Fourth Street
Cincinnati, OH 45202
Telephone: (513) 579-6400
Facsimile: (513) 579-6457

Trial Attorney for Defendant
SOUTHERN OHIO FABRICATORS

Trial Attorney for Defendant
GENERAL TOOL COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2005, a copy of the foregoing was served on the following via the Court's EF/CMF Filing System or by U.S. mail, postage prepaid, to all Counsel not registered:

David Kamp, Esq.
White Getgey & Meyer
1700 4th & Vine Tower
Cincinnati, Ohio 45202

Susan A. Mitchell, Esq.
McKenna Long & Aldridge, L.L.P.
444 South Flower Street
Los Angeles, CA  90071-2901

Gerald F. Kaminski, Esq.
Assistant United States Attorney
220 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH  45202

Lawrence R. Elleman, Esq.
Dinsmore & Shohl, L.L.P.
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH  45202-3172

James B. Helmer, Jr., Esq.
Helmer, Martins & Morgan Co., L.P.A.
Fourth & Walnut Centre, Suite 1900
105 East Fourth Street
Cincinnati, OH  45202

William A. Posey
Keating, Muething & Klekamp, P.L.L.
1800 Provident Tower
One East Fourth Street
Cincinnati, OH  45202

Scott A. Powell, Esq.
Hare, Wynn, Newell & Newton, LLP
The Massey Bldg., Suite 800
290 21st Street, North
Birmingham, AL  35203-3713

Paul J. Wogaman, Sr.
United States Department of Justice
Civil Division
P.O. Box 261
Washington, D.C. 20044

s/ Glenn V. Whitaker
Glenn V. Whitaker