UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States ex rel. | : | Civil Action No. C-1-95-970 |
| | : | (Consolidated with C-1-99-923) |
| ROGER L. SANDERS | : | |
| ROGER L. THACKER | : | Judge Thomas M. Rose |
| | : | |
| Relators, | : | Magistrate Judge Timothy S. Hogan |
| | : | |
| Bringing this Action on behalf of | : | |
| the UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| ALLISON ENGINE COMPANY, INC., | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |

**RELATORS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION *IN LIMINE* CONCERNING THE TREBLE DAMAGE,
DOUBLE BACK PAY, ATTORNEYS' FEES, AND CIVIL PENALTIES
PROVISIONS OF THE FALSE CLAIMS ACT (Doc. 478)**

**I.      INTRODUCTION**

Defendants argue that Relators are seeking to "keep from the jury" evidence of the "financial windfall" that Relators could receive in this case. Doc. 584, p. 1. Defendants cite no case – False Claims Act or otherwise – which condones telling the jury of multiples of damages, civil penalties, or attorney fee awards, which, by law, are all beyond the jury's province and left to the Court.

Relators have no quarrel with Defendants eliciting testimony that demonstrates that Relators have a financial interest in the outcome of this action.[1]  Overwhelming authority

---

[1] Any financial recovery to Relators is, of course, dependent upon, first a jury's determination that they are prevailing parties, second, an award of damages, and third, this Court's independent determination of what an appropriate Relator's share would be, limited to

precludes Defendants from mentioning to the jury that a damage award is subject to being trebled or that a prevailing party is entitled to attorneys' fees. Doc. 478, pp. 4-5. To allow the jury to know of these issues, when it is required by law to award the United States *all* its damages, is to encourage the jury to reduce the amount it believes should be awarded. Of course, this is precisely why Defendants seek to introduce such evidence and why we filed this motion *in limine*.

Because allowing references to the doubling or trebling of damage awards or to the possible awarding by this Court of attorneys' fees or civil penalties would be unfair, inflammatory, prejudicial, and improper, Relators ask that this Court enter an order preventing Defendants from mentioning these issues.

## II.   ARGUMENT

Last term the United States Supreme Court made it clear:

> [U]nder the FCA...if [the jury] finds liability, its instruction is to return a verdict for the actual damages, for which *the court alone* then determines any multiplier, just as *the court alone* sets any separate penalty.

*Cook County v. United States ex rel. Chandler*, 538 U.S. 119, 132 (2003) (emphasis supplied). Despite the Supreme Court's recognition that such matters should be entrusted solely to the Court, Defendants insist that they should be permitted to use such information to affect the jury's view of this case. Defendants are mistaken.

---

the ranges provided by Congress in the provisions of the False Claims Act. Thus, no witness will be competent to testify as to exactly what the Relators' total financial interest is in this case. The Relators may or may not be paid a share, depending on how the jury views the evidence and how this Court views the Relators.

As was demonstrated in Relators' opening memorandum, black letter law holds that mentioning treble damages and attorneys fees to a jury is improper. Doc. 478, at 4-5, citing *e.g. HBE Leasing Corp. v. Frank*, 22 F.3d 41, 45 (2d Cir. 1994) ("Every authority brought to this Court's attention upholds excluding references to trebling and attorneys fees in the RICO context.") (internal citations omitted); *see also* Doc. 478, p. 5, n. 14 (collecting cases). Given the unanimity on this point and contrary to Defendants' arguments, it is not surprising that such references have also specifically been excluded in a False Claims Act case. *Id*. at 4, citing *United States v. Estate of Rogers*, 2002 U.S. Dist LEXIS 24282 (E.D. Tenn. 2002).

In stark contrast to Relators' mountain of authority holding that trebling of damages or awarding of attorneys fees may not be mentioned in front of the jury, Defendants have cited no case for the proposition that such testimony is proper. Instead, they cite case law and model jury instructions for the unexceptional proposition that the jury is permitted to consider the possible biases of witnesses when evaluating their credibility.[2]

The generic instructions cited by Defendants simply instruct juries to assess witness credibility by considering the witness's interest in the outcome of the case. Defendants can still introduce such issues by eliciting evidence that certain witnesses are biased because of the possibility of an award to them. But Defendants cannot, however, elicit testimony or mention to the jury that the amount of that award may be trebled or doubled or that attorneys fees or civil penalties may be awarded.

---

[2] Even Defendants' own authority undercuts their arguments in this regard. Defendants rely upon the Sixth Circuit's model instructions for criminal cases. Those instructions specifically state that they are simply "pattern" instructions and that the content of any jury instructions must be tailored specifically to the facts of the case being tried: "[P]attern instructions should not be used 'without careful consideration being given to their applicability to the facts and theories of the specific case being tried.'" Doc. 584, Defendants' Exhibit C at p. 11, *quoting United States v. Wolak*, 923 F.2d 1193, 1198 (6th Cir. 1991).

As Relators' opening brief recognized, commentators tailoring jury instructions in similar circumstances have addressed the propriety of informing the jury of treble damages and attorneys fees and recognized that it is not appropriate. *See* Doc. 478 at 5, *quoting* 4 Sand, Siffert, Reiss & Batterman, *Modern Federal Jury Instructions*, § 84.06, at 84-74 to 75 ("As in antitrust treble damages cases, it is not appropriate to inform the jury of trebling and attorneys fee provisions"); *see also* 3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*, 100.11 at 841 (4th Ed. 1987).

Defendants also accuse Relators of offering "no factual reason why they would be unduly prejudiced" by the mention of the trebling of damages or an award of attorneys fees. Doc. 584 at 1. To the contrary, as Relators noted in their opening memorandum, permitting the jury to know about these issues would unfairly prejudice Relators and the United States because it would encourage the jury to reduce the amount it believes should be awarded.[3]

Finally, Defendants attempt to distinguish the case law precluding the mention of damage multipliers or attorneys' fees as limited to the antitrust or RICO arenas by arguing that such plaintiffs have suffered an actual injury whereas here, any award is a "windfall" to these Relators. Doc. 584 at 3. This distinction is both inaccurate and irrelevant as, legally, these Relators stand in the shoes of the United States in this non-intervened action. *See e.g., United States ex rel. Kelly v. The Boeing Co.*, 9 F.3d 743, 748 (9th Cir. 1993), *cert. denied*, 510 U.S. 1140 (1994);

---

[3] *See* Doc. 478 at 4 and *id.* at 5 *citing Vidosh v. Holsapple*, 1987 U.S. Dist. LEXIS 15749 at *39 (E.D. Mich. 1987) (mention of such matters has been uniformly held to be improper because "to inform the jury of a treble damage provision will cause it to adjust its award accordingly, and thus distort its true function of finding damages.") and *Rhue v. Dawson*, 841 P.2d 215, 229 (Ct. App. 1992) ("informing the jury of the trebling provision might thwart purpose of state RICO statute by inducing the jury to reduce or eliminate damage award").

*United States ex rel. Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1154 (2nd Cir.), *cert. denied*, 508 U.S. 973 (1993). Furthermore, Congress, based on Abraham Lincoln's 1863 precedent, determined what Relators in False Claims Act cases can be awarded by this Court. Thus, the United States recovers all the damages determined in this case and has elected per Congressional guidelines and this Court's discretion to share a portion of its damages with the Relators. The only "windfall" which has occurred in this case are the taxpayer funds these Defendants wrongly obtained.

Because the law on this point is clear, Defendants should be precluded from referring to the double or treble damages provisions or to the attorneys fees and civil penalties provisions of the False Claims Act in front of the jury.

### III.   CONCLUSION

Defendants intend to prejudice the United States by informing the jury of matters entirely entrusted to this Court. Contrary to well established principles of law, Defendants have made it clear that they intend to mention to the jury that any damages award by the jury may be doubled or trebled by the Court, and that attorneys fees and civil penalties may be also awarded by the Court. However, testimony concerning the doubling and trebling of damages and the awards of attorneys fees and civil penalties is irrelevant and inadmissible as a matter of law.

Permitting the jury to know of trebling risks encouraging the jury to divide by three the number it believes should be awarded. Similarly, permitting reference to the award of civil penalties, as well as to the doubling of retaliation losses, and the award of attorneys fees could also encourage such improper conduct.

For the foregoing reasons, Relators respectfully move this Court for an order prohibiting Defendants from making any mention to the jury of the possible doubling or trebling of damages or possible award of attorneys fees and civil penalties by the Court.

Respectfully submitted,

| | |
|---|---|
| | /s/ James B. Helmer, Jr. |
| Scott A. Powell, Esq. | James B. Helmer, Jr. (0002878) |
| Don McKenna, Esq. | Paul B. Martins (0007623) |
| *Attorneys for Relators* | Robert M. Rice (0061803) |
| HARE, WYNN, NEWELL & | *Trial Attorneys for Relators* |
|     NEWTON, LLP | HELMER, MARTINS & MORGAN CO., L.P.A. |
| The Massey Building, Suite 800 | Fourth & Walnut Centre, Suite 1900 |
| 2025 Third Street, North | 105 East Fourth Street |
| Birmingham, AL 35203-3713 | Cincinnati, Ohio  45202 |
| Telephone: (205) 328-5330 | Telephone:  (513) 421-2400 |

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing, Relators' Reply Memorandum In Further Support Of Their Motion in Limine Concerning the Treble Damage, Double Back Pay, Attorneys' Fees and Civil Penalties Provisions of the False Claims Act (Doc. 478), was electronically filed on January 7, 2005.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                          /s/ James B. Helmer, Jr.