UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States ex rel. | : | Civil Action No. C-1-95-970 |
| | : | (Consolidated with C-1-99-923) |
| ROGER L. SANDERS | : | |
| ROGER L. THACKER | : | Judge Thomas M. Rose |
| | : | |
| Relators, | : | Magistrate Judge Timothy S. Hogan |
| | : | |
| Bringing this Action on behalf of | : | |
| the UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| ALLISON ENGINE COMPANY, INC., | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |

**RELATORS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION *IN LIMINE* CONCERNING THE GOVERNMENT'S
NON-INTERVENTION DECISION (Doc. 477)**

**I.     Background**

The defendants want this Court to instruct the Jury on portions of the False Claims Act that are irrelevant to this case—those portions regarding the Department of Justices' ability to intervene in this case, move to dismiss it, or instead authorize Relators to prosecute it as private attorneys general. Doc. 581 at 1. The defendants do not say how the Jury will use such instructions to decide the contested issues in this case, which involve hundreds of knowing false claims for payment made by the defendants for defective Gen-Sets delivered to the Navy.

This is because the Department of Justice's intervention decision has nothing to do with these issues. Congress made that decision irrelevant by deciding that *qui tam* Relators are critical to effective prosecution of Government contractors committing fraud on the public fisc,

so much so that Relators are both empowered and encouraged to continue these cases when the Department of Justice decides not to.

Though the defendants essentially concede that the intervention issue is irrelevant to the substantive allegations in this case, they still want the Jury instruction. They make no secret of their intentions: They will try and divert the Jury's attention from the true issues in this case with irrelevant and prejudicial claims that the "real" United States is not prosecuting the case, so Relators' claims must lack merit. They ask the Court to issue an instruction on the Department of Justice's options (which they then misstate); to allow them to generally elaborate upon these options in order to cast doubt upon the legitimacy and vitality of the Relators' role in this litigation; and thus candidly admit that they seek to have the Jury "draw any inference from the Government's decision it deems appropriate." Doc. 581 at 4. It is, of course, the Court's function to assure that the Jury is *not* drawing "any inference" or speculating about issues which they are not being asked to decide.

But since there is no connection between intervention and their False Claims Act liability, the defendants bypass relevancy and say the Jury must hear *everything* about the statute: "Where statutory language is clear and unambiguous, the jury must be instructed with the text of the statute." Doc. 581 at 3 (citations omitted).

Statutory clarity is no reason to burden the Jury with legal concepts that it will never use (and should not use) to decide the merits of the case. Indeed, while the myriad provisions in the False Claims Act—as with many other statutes—are important to the Court and counsel in bringing and prosecuting the case, the Jury need consider only a very small subset to render its verdict. This is precisely what the Court will decide when it settles on the Jury Instructions:

What parts of the False Claims Act must be described to the Jury, and what parts are rightfully kept from the Jury because they are irrelevant and might cause confusion. The mini-trials the defendants seek on numerous matters—where the defendants take issue with Congressional wisdom but which have nothing to do with the facts the Jury must decide in this case—can only confuse and divert the fact-finders from the questions this Court will advise them to determine.

So the defendants are ignoring the point. While the False Claims Act does indeed have "clear and unambiguous" language, the first inquiry is whether that language is relevant and therefore useful to the Jury. Here, the intervention language is neither.

The Court will appreciate that these are not the first defendants who have manifested disdain for Congressional wisdom in authorizing private citizens to pursue those who would misappropriate public funds. Over 120 years ago, Justice Black in discussing *qui tam* cases in a much-quoted opinion stated:

> The statute is a remedial one. It is intended to protect the Treasury against the hungry and unscrupulous host that encompasses it on every side, and should be construed accordingly. It was passed upon the theory, based on experience as old as modern civilization, that one of the least expensive and most effective means of preventing frauds on the Treasury is to make the perpetrators of them liable to actions by private persons acting, if you please, under the strong stimulus of personal ill will or the hope of gain. Prosecutions conducted by such means compare with the ordinary methods as the enterprising privateer does to the slow-going public vessel.[1]

In more modern times, defendants have raised literally dozens of Constitutional challenges to the *qui tam* provisions of the False Claims Act—all unsuccessfully.[2] As a result, several courts have had occasion to comment on and reject defendants' unhappiness with being

---

[1] United States v. Griswold, 4 F. 361, 366 (D. Ore. 1885).

[2] For a listing of cases, *see* J. Helmer, False Claims Act: Whistleblower Litigation, § 4.1 n.8 (3d. ed. LexisNexis 2002 and 2003 supp.)

prosecuted not by Government paid counsel but instead by private citizens. One of the more colorful rejections occurred in United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Center, 961 F.2d 46, 49 (4th Cir. 1992):

> Congress has let loose a posse of ad hoc deputies to uncover and prosecute frauds against the government. [Defendants] may prefer the dignity of being chased only by the regular troops; if so, the must seek relief from Congress.

The Sixth Circuit has specifically endorsed the above colorful comments from the Milam case and gone even further to emphasize that notwithstanding these defendants' cavil that it isn't fair to not inform the Jury of the Department of Justice's election, whistleblowers are to be encouraged to bring *qui tam* cases:

> Our current statutory framework includes many laws that authorize individuals to act as "private attorneys-general" bringing causes of action for the common weal. To encourage such private actions, Congress has provided fee-shifting provisions in those laws as well. We view the *qui tam* laws here as encouraging "whistleblowers" to act as "private attorneys-general," too, in pursuit of an important public policy. Thus, we uphold the constitutionality of the *qui tam* provisions authorizing "whistleblowers" to bring false-claims actions in the name of the government.[3]

It is therefore both too late in the day and in the wrong forum for these defendants to be permitted to complain to this Jury that they are being prosecuted by private attorneys-general rather than public ones.

The Court should decline to issue a jury instruction concerning the Department of Justice's intervention decision as irrelevant Evidence Rule 402 or as unfairly prejudicial under Evidence Rule 403. Additionally, the Court should prevent the defendants, their counsel, or any of their agents, employees or personnel from mentioning, testifying to or referring to, directly or

---

[3] United States *ex rel*. Taxpayers Against Fraud and Walsh v. General Electric Co., 41 F.3d 1032, 1041-1042 (6th Cir. 1994) (citations omitted).

indirectly, in the presence of the jury, any variation of the argument that: the failure of the Department of Justice to intervene in this action is a comment on the lack of merit of this action. Relators Motion should be granted.

II.     **Defendants' Assertion That The False Claims Act Requires The Court To Issue A Jury Instruction Concerning The Department Of Justice's Non-Intervention Decision Violates Fed.R.Evid 402 And 403.**

The Defendants first ask this Court to issue a jury instruction concerning the three options that the Department of Justice may take following investigation of the Relator's claims. Jury instructions concerning the Department of Justice's three options violates Rules 402 and 403 because 1) the Court has no reason to issue jury instructions concerning irrelevant background information from the False Claims Act; 2) the jury can make sense of the False Claims Act without such instructions; and 3) the Department of Justice's non-intervention decision is irrelevant to the outcome of this case.

   A.   **The Court Has No Reason to Issue Jury Instructions Concerning Irrelevant Background Information.**

Assuming that the Court chooses to provide jury instructions concerning the Department of Justice's three statutory options, the Defendants argue that the since the "statutory language is clear and unambiguous, the jury must be instructed with the text of the statute." Doc. 581 at 3. In support, the Defendants cite four cases illustrating the concept that a jury instruction should follow the applicable statutory text.[4] However, in each case, the jury instruction at issue either

---

[4] *Id.* (citing Desert Place, Inc. v. Costa, 539 U.S. 90, 91, 98-99 (2003); U.S. v. Pabon Cruz, 391 F.3d 86, 2004 U.S. App. LEXIS 24939 (2d Cir. Dec. 3, 2004); Boyd v. Illinois State Police, 384 F.3d 888, 894-95 (7th Cir. 2004); and Merkel v. Scovill, Inc., 573 F.Supp. 1055, 1060 (S.D. Ohio 1983)).

provides for a cause of action or describes the elements of a cause of action.[5] None of these cases comment upon the issue of this motion: whether or not irrelevant background information contained in the False Claims Act should be presented to the jury.

The defendants fail to acknowledge that, unlike their cited cases, Relators do not ask the Court to edit, elide, or manipulate the provisions in the False Claims Act pertaining to elements of the causes of action and burdens of proof. Jury instructions concerning these issues should closely follow the statutory language. But the False Claims Act has dozens of provisions which have nothing to so with this case or any issue the jury must decide, e.g., public disclosure, original source, voluntary disclosure, first-to-file, or civil investigative demands. Reading such provisions to the jury, like defendants' present plan to discuss the Department of Justice's non-intervention decision, would only serve to confuse the jury on the issues they must decide. The Relators only ask the Court to refrain from presenting the jury with instructions containing irrelevant, unfairly prejudicial background information from the False Claims Act

> **B.** **The Jury will Understand The Process They Need To Undertake to Make a Decision Under the False Claims Act Without Receiving Instruction on Irrelevant Background Information.**

Next, the Defendants argue that the jury will not be able to "make sense of instructions"

---

[5] Desert Place, Inc., 539 U.S. at 98-99 (defendant challenged the degree of evidence that the plaintiff must present in order for the judge to issue a jury instruction on the mixed-motive statutory offense under Title VII of the Civil Rights Act of 1964); Pabon Cruz, 2004 U.S. App. LEXIS 24939 at *6-8 (defendant appeals a jury instruction that failed to require the jury to specifically find several elements of an offense because the jury instruction closely followed the statute); Boyd, 384 F.3d at 894-95 (plaintiffs challenge a supplemental jury instruction which included non-statutory language that increased the plaintiffs' burden of proof); Merkel, 573 F.Supp. at 1060 (court implicitly decides that jury instructions describing a cause of action are acceptable while noting that "[t]he first sentence of the jury instructions was drawn directly from the statutory language").

explaining the False Claims Act unless the jury hears an explanation of the Government's options. Doc. 581 at 4. In actuality, the jury certainly can comprehend that the False Claims Act empowers the Relators to "prosecute the alleged wrongdoer" and that the Relators "effectively stand[] in the shoes of the government" without an explanation of the Department of Justice's intervention decision.[6] The jury can and should deliberate the issues of false claims and retaliation presented by this case without the distraction of information that lends no aid to the jury's understanding of the issues it must decide under the False Claims Act.

## C. The Government's Decision To Allow Relators To Continue In The Action As A Private Prosecutors Is Not Relevant To The Outcome Of This Case.

Finally, the Defendants argue without any support that a jury instruction listing the Department of Justice's foregone options is relevant because "[t]he FCA itself makes these facts relevant to this case." Doc. 581 at 4. A discussion of the Department of Justice's delegation of this case to Relators bears no relation to the true matter at trial here—whether the Defendants violated the False Claims Act—and thus violates Fed.R.Evid. 402. Additionally, any discussion of the Department of Justice's non-intervention decision violates Fed.R.Evid. 403 as any substantive value to this evidence will be substantially outweighed by the danger of unfair prejudice.

Furthermore, as a common practice, judges do not provide juries with this sort of background material because such information is irrelevant and adds little to the jury's understanding of the issues. Here, the jury will certainly be able to make sense of the relevant provisions of the False Claims Act and will be able to determine if defendants violated the False

---

[6] United States ex rel. Kelly v. Boeing Co., 9 F.3d 743, 748 (9th Cir. 1993).

Claims Act without sidetracking and irrelevant instructions concerning the Department of Justice's decision to entrust the responsibility for bringing and handling this case to the Relators.

In sum, the Court should not issue jury instructions concerning the Department of Justice's intervention options since the Court has no reason to issue jury instructions concerning irrelevant background information. The jury will be able to easily make sense of their charge for determining False Claims Act liability, which cannot be affected by the Department of Justice's decision to allow the Relators to continue as private prosecutors.

**III.     Reference to the Government's Intervention Decision Is Irrelevant And Unfairly Prejudicial And Therefore Violates Fed.R.Evid. 402 and 403.**

The defendants next ask the Court to allow them to explain to the jury the Relators' role in this action following the Department of Justice's nonintervention decision. There is no reason for this. Discussion of this topic violates Evidence Rules 402 and 403 because 1) the jury will be able to distinguish the Department of Justice from the Relator without a dangerously unfair and confusing discussion of why the Department of Justice chose to entrust prosecution to the Relators; 2) the defendants should not falsely explain that the Relators do not stand in the shoes of the Government because the Relators do stand in the shoes of the Government; 3) statements by the defendants that the Government did not select or endorse Relators, that any person can be a relator, and that the Government is not actively involved in this case are false and irrelevant; and 4) statements belittling the Relators' action because the Department of Justice chose not to intervene are false, irrelevant, and impermissible under relevant case law.

A.  **The Jury Does Not Need to Know The Department of Justice's Three Options Under The False Claims Act in Order to Distinguish Relators from the Government.**

The defendants say they need to explain why the Department of Justice chose not to intervene so that the Jury will not be confused when Relators state that under 31 U.S.C. § 3730(b)(1) they are empowered "to bring a civil action for a violation of section 3729 for the person and for the United States Government .... in the name of the Government." Doc. 581 at 5 and 7.  Defendants proffer six reasons why the Relators' role differs from the Department of Justice's role in this action and therefore the jury must be protected from associating the Government with the Relators (Doc. 581 at 5-7): 1) the Government is not the client of the Relators; 2) the Relators are empowered as private prosecutors, but do not replace the Government; 3) Relators are not vested with and do not wield Government powers; 4) Relators' positions are "without tenure, duration, continuing emolument, or continuous duties"; 5) Relator's attorneys do not represent the Government; and 6) in a False Claims Act case in which the Government chooses not to intervene, the Government is the real party in interest, not an actual party.

We do not disagree with the defendants that Relators' role differs from that of the United States in these respects.  In fact, courts cite distinctions 2-6 in order to show how Congress's appointment of the relators as private prosecutors does not violate the Due Process, Separation of Powers and the Appointments Clause.[7]  Additionally, since Government attorneys and Navy

---

[7] *See* United States ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1155 (2d. Cir. 1993) (relator does not usurp litigating function of Executive so the False Claims Act does not violate separation of powers); United States ex rel. Kelly, 9 F.3d at 759-60 (9th Cir. 1993) (the fact that relators sue in the name of the government does not create a due process violation); United States of America ex rel. Taxpayers Against Fraud v. General Electric

representatives will be present at the trial, the Jury will not likely confuse Relators' attorneys with the Government's Attorneys. All the jury needs to know is that the *qui tam* Relators bring suit "on behalf of both the government and the relator" since "the two share a single interest in successful litigation."[8] As defendants point out, there are many differences between the roles of the Relator and the Government; therefore, the jury will unlikely become confused and believe that the Relator is the government.

> **B. The Jury Does Not Need To Know The Department of Justice's Three Options Under The False Claims Act In Order To Understand That Relators Stand In The Shoes Of The Government But Do Not Replace The Government.**

Additionally, the defendants say their discussion of the Department of Justice's intervention decision will also ensure that the jurors understand that since the Department of Justice declined to intervene, the Relators are "not placed in the shoes of the Government." Doc. 581 at 5. The defendants have misstated the law. The cases they cite stand for the proposition that the Relators do not "replace" the Government. We do not disagree.

But the defendants are incorrect to state that Relators are not "in the shoes" of the Government. They are, as caselaw makes clear: "If the government declines to prosecute the alleged wrongdoers, the qui tam plaintiff effectively stands in the shoes of the government."[9]

In this case, the Department of Justice entrusted the Relators to proceed with this action

---

Co., 41 F.3d 1032, 1041 (6th Cir. 1994) (Since relator is not vested with government powers and the relator's position "is without tenure, duration, continuing emolument, or continuous duties, the False Claims Act does not violate Appointments Clause).

[8] United States ex rel. Kelly v. Boeing Co., 9 F.3d at 60.

[9] United States ex rel. Kelly, 9 F.3d at 748. *Accord* United States ex rel. Kreindler & Kreindler, 985 F.2d at 1154.

as envisioned by Congress in the False Claims Act. The jury can capably understand the Relators' designated role without a complex and time consuming discussion by defendants as to why the Department of Justice chose this particular role for the Relators by deciding not to intervene in this case—and without the mini-trial which will no doubt result on this non-issue.

   C.   **The Defendants' False And Irrelevant Elaborations Concerning the Department of Justice's Three Options Under The False Claims Act Violate Fed.R.Evid 402 And 403 And Will Not Help The Jury Understand Relator's Actual Role In This Litigation.**

The Defendants fear that the jury may be confused unless they know: 1) The Government did not select or endorse the Relators "to sue on its behalf," 2) "any 'person' may bring a qui tam action under 31 U.S.C. § 3730(b)(1)," and 3) "the Government ceased to be actively involved in this case when it declined to intervene." Doc. 581 at 7. These statements are false and should be excluded under Rule 402 for irrelevancy or under Rule 403 as unfairly prejudicial.

Relators can proceed with this suit because they fulfill the stringent standing requirements of the False Claims Act. Congress is part of "the Government." Congress decided that persons in Relators' situation are entitled to bring suit against parties that transgress the False Claims Act. But Congress did not determine that just any person can bring a *qui tam* action.

There are numerous jurisdictional requirements Relators must and did satisfy, most of which were challenged by these defendants.[10] Furthermore, Relators would not have been eligible to bring this case except for the fact that they have knowledge of a violation of 31 U.S.C. 3729(a) and they do not meet any classification listed in 31 U.S.C. 3730(e)(2)(A). Congress

---

[10] These hurdles include filing under seal, complete disclosure to the Government, having no public disclosure or being an original source, and being the first to file. Defendants fiercely and unsuccessfully challenged each of these issues and others. *See* Orders, Docs. 445, 458.

purposely limited the people who can bring a qui tam action. Thus, any statements or implications by defendants that the Government did not select or endorse the Relators or that "any" person may bring a qui tam action are simply untrue. Such statements are obviously irrelevant and certainly unfairly prejudicial.

Additionally, the defendants' statement that the Government ceased to be actively involved when the Department of Justice's declined to intervene is also both incorrect and irrelevant. The Judicial Branch of the United States Government is deeply involved in the litigation of this case and individual Government employees testified in numerous depositions and will testify at trial. Contrary to defendants' wishful thinking, Relators will call Navy personnel and look forward to cross examination of any such personnel called by defendants.

More importantly, in this case the Department of Justice maintained oversight over this litigation by exercising its right to require the Relators to "serve the government with copies of all pleadings and deposition transcripts."[11] Government counsel have been apprised of all developments in this case and have been actively involved in several, including defendants' various improper attempts at contacting Government employees. Government counsel has been present at most hearings and will be so at trial. Thus the Government has hardly been inactive in this case. Any statement or implication to the contrary by the defendants at trial will not represent the truth, will be irrelevant, and will be unfairly prejudicial to the Relators and should be excluded under Rule 402 or 403.

---

[11] United States ex rel. Kelly, 9 F.3d at 746.

### D. Defendants Are Not Permitted To Demean The Relators' Role By Implying That The Department of Justice Did Not Intervene Because This Case Lacked Merit.

Finally, the defendants assert that an argument questioning the validity of Relators' case because the Department of Justice decided not to intervene is proper. Doc. 581 at 7-8. Congress provided that relators may bring cases under the False Claims Act "for the United States Government."[12] Therefore, any qui tam plaintiff is entitled to inform the jury that the relator performs an essential role akin to that of a private prosecutor on behalf of the United States. However, the defendants in any *qui tam* action are not entitled to advance themes such as those made in closing arguments by defense counsel in *United States ex rel. Pickens*.[13]

No case law permits defendants to belittle the role of the relator in a statute over 140 years old enacted and amended at the request of two of this nation's greatest Presidents and determined to be constitutional on dozens of occasions. Such comments only place doubts in the minds of jurors as to the legitimacy of the relator's role as Congress's tool for unearthing buried fraud against the United States Government.[14]

As noted in Relators' Motion, "permitting the Defendants to argue that this qui tam action lacks merit because the Government has not intervened and is not physically present at trial violates Congressional intent and the expressed provisions of the False Claims Act." Doc. 477 at

---

[12] 31 U.S.C. 3730(b).

[13] United States ex rel. Pickens v. GLR Constructors, Inc., NO. C-1-93-790, Closing Argument of Glenn Whitaker, pp. 43, 52 (S.D. Ohio, Jan 9, 1998). Attached to Doc 477 as Exhibit B. Defendants' argument that the improper comments by its counsel in Pickens were somehow invited is without citation and is incorrect. It is those very tactics which led to this Motion *in Limine* being filed.

[14] Senate Rep. No. 99-345 at 4 (1986).

4. The defendants in this case should not be permitted to even suggest the idea that the non-intervention decision of the Department of Justice was a comment on the merits of this case, let alone base an entire closing argument on this theory. Nor, as defendants urge, should this Court allow the jury "to infer" anything. The Department of Justice's decision should not be a factor in the Jury's decision. In sum, the Court should refuse to allow the defendants to state or imply any remark concerning the Department of Justice's nonintervention decision because any such statement will violate Rules 402 and 403.

IV.     **Conclusion**

The Court should decline to issue a jury instruction concerning the Department of Justice's three options in a False Claims Act action for lack of relevance under Rule 402 or because the probative value of such an instruction is substantially outweighed by dangers of unfair prejudice, confusion of the issues, or misleading the jury and the consideration of waste of time under Rule 403. For the same reasons, the Court should prevent the defendants from discussing, elaborating upon, or drawing implications from the Department of Justice's three options under the False Claims Act.

Extensive debate over the Department of Justice's decision to follow the statute and elect to have the "enterprising privateer" rather than the "slow-going public vessel" present this case to the Jury would be wholly improper before the Jury. It would be a wasteful mini-trial on an issue not to be decided by the Jury and already passed upon repeatedly by Congress in 1863, 1943 and 1986 and by numerous courts.

The Relators stand in the shoes of the Government in this case by Congressional designation. The defendants should not be permitted by this Court to make belittling

insinuations about the role of these Relators simply because the Department of Justice trusted the Relators to bring this action against the defendants. The Department of Justice specifically told these defendants that its decision "should not be construed as a statement about the merits of this case."[15] But that is precisely what Defendants plan for the jury to speculate about and precisely why Relators filed this motion *in limine*. The perseverance, determination, and forthrightness of the Relators in this case should be recognized by the jury, not belittled simply because the Department of Justice followed the law and demonstrated trust in the Relators to see this action to the end.

Respectfully submitted,

/s/ James B. Helmer, Jr.

| | |
|---|---|
| Scott A. Powell, Esq. | James B. Helmer, Jr. (0002878) |
| Don McKenna, Esq. | Paul B. Martins (0007623) |
| HARE, WYNN, NEWELL & NEWTON, LLP | Robert M. Rice (0061803) HELMER, MARTINS & MORGAN CO., L.P.A. |
| The Massey Building, Suite 800 | Fourth & Walnut Centre, Suite 1900 |
| 2025 Third Street, North | 105 East Fourth Street |
| Birmingham, AL 35203-3713 | Cincinnati, Ohio 45202 |
| Telephone: (205) 328-5330 | Telephone: (513) 421-2400 |
| *Attorneys for Relators* | *Trial Attorneys for Relators* |

---

[15] Department of Justice 2/8/00 Letter to Parties, p. 2. Attached to Doc. 477 as Exhibit A.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Relators' Reply Memorandum In Further Support Of Their Motion *In Limine* Concerning the Government's Non-Intervention Decision, was electronically filed on January 7, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Paul B. Martins