## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA**
ex rel. **ROGER L. SANDERS, et al.,**

        **Plaintiffs,**

-vs-                                                                                          **Case No.  1-:95-CV-970**

**ALLISON ENGINE COMPANY, et al.,**

        **Judge Thomas M. Rose**

        **Defendants.**

---

**ENTRY AND ORDER GRANTING RELATORS' MOTION IN LIMINE CONCERNING THE TREBLE DAMAGE PROVISION, DOUBLE BACK PAY PROVISION, ATTORNEYS' FEES PROVISION AND CIVIL PENALTY PROVISION OF THE FALSE CLAIMS ACT (Doc #478)**

---

Now before the Court is Relators' Motion In Limine Concerning the Treble Damage Provision, Double Back Pay Provision, Attorneys' Fees Provisions and Civil Penalty Provision Of the False Claims Act. (Doc. #478.) This motion is fully briefed and is now ripe for Decision.

The Relators argue that it is improper for a defense counsel in a False Claims Act ("FCA") case to mention, in the presence of the jury: (1) that a damage award is subject to trebling by the Court; (2) that retaliation damages are subject to doubling by the Court; (3) that Relators' attorneys' fees may be shifted to the Defendants, or (4) that the False Claims Act provides for the award of civil penalties. The Defendants respond that no court has held as a matter of law that information should be withheld from the jury in an FCA case about the potential trebling of damages, assessment of penalties or doubling of back pay if liability is

found and Relators have offered no factual reason why they would be prejudiced by disclosing the magnitude of their potential damages.

First, a related issue discussed in the Briefs and preliminary to a discussion of Relators' Motion will be addressed. The Defendants assert that they are entitled to cross examine Relators as to their financial interest in the outcome of this case and the extent of that interest. Relators indicate that they have "no quarrel" with Defendants eliciting testimony that demonstrates that Relators have a financial interest in the outcome of the action.

Clearly, proof of bias, such as a witness's self-interest, is almost always relevant to the credibility of a witness. *United States v. Abel*, 469 U.S. 45, 52 (1984). Further, bias may be shown by inquiry into a witness's financial interest in the outcome of a case and the extent of that interest. *United States v. International Business Machines Corporation*, 84 F.R.D. 651, 652 (S.D.N.Y. 1979). Therefore, the Parties agree and the law provides that witnesses may be cross-examined with regard to their financial interest in the outcome of this case. The question then becomes whether there any limits on the extent of the financial interest that may be discussed.

Turning now to Relators' Motion, they cite one FCA case wherein a district court granted a plaintiff's motion in limine to exclude from the jury any reference to the trebling of damages and imposition of civil penalties. *United States v. Estate of Rogers*, Case No. 1:97-CV-461, 2002 WL 32050124 at *1 (E.D.Tenn. 2002). This motion was granted without comment in an FCA case where the Government and not the relators were plaintiffs.

Relators also show that courts have excluded references to the trebling of damages and attorneys' fees in Racketeer Influenced and Corrupt Organizations Act ("RICO") cases and in Clayton Act ("Antitrust") cases. *HBE Leasing Corporation v. Frank*, 22 F.3d 41, 45-46 (2nd Cir.

1994). RICO and Antitrust law allows for the trebling of damages and awarding of attorneys' fees by the court. *Id.* The reasoning used to exclude mention of the trebling of damages and award of attorneys' fees is that, since these actions are taken by the court and not by the jury, they are irrelevant to the jury's deliberations. *Id.* As a result, they may confuse or prejudice the jury or cause the jury to adjust its award accordingly and thus distort its true function of finding damages. *Id.*

Roger's is an FCA case but it is not mandatory authority and is not directly on point. However, virtually all jurisdictions have applied the reasoning that the trebling of damages and award of attorneys' fees by the court is irrelevant to jury deliberations to RICO and Antitrust cases.

The FCA allows for the trebling of certain damages, the doubling of back pay for illegal retaliation, an award of civil penalties and an award of attorneys' fees, all by the Court. Therefore, adopting and applying the reasoning used by virtually all jurisdictions to a similar situation, the potential trebling of certain damages, the potential doubling of back pay for illegal retaliation, the potential award of civil penalties and the potential award of attorneys' fees by the Court may not be brought to the attention of the Jury in this case.

Relators' Motion In Limine Concerning the Treble Damage Provision, Double Back Pay Provision, Attorneys' Fees Provisions and Civil Penalty Provision Of the False Claims Act is GRANTED. Defendants are entitled to cross examine Relators as to their financial interest in the outcome of this case and the extent of that interest. However, Defendants may not inform the jury regarding any damages or attorneys' fees that may be awarded by the Court.

The Parties are reminded that a ruling on a motion in limine "is no more that a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994)(citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)), *cert. denied*, 513 U.S. 1182 (1995). This preliminary ruling allows the parties to formulate their trial strategy. *Id.* "However, the district court may change its ruling at trial for whatever reason it deems appropriate." *Id.*

**DONE** and **ORDERED** in Dayton, Ohio, this Fourteenth day of February, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record